**Carlito M. ORTIZ, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 01–71378.

INS No. A70–183–428.

United States Court of Appeals, Ninth Circuit.

Submitted April 8, 2002*.

Decided April 17, 2002.

Before BROWNING, KLEINFELD, and GOULD, Circuit Judges.

MEMORANDUM**

Carlito M. Ortiz, a native and citizen of the Philippines, petitions pro se for review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum and withholding of deportation. The transitional rules apply, so this court has jurisdiction under 8 U.S.C. § 1105a(a). *See Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997). We deny the petition for review.

When the BIA conducts its own review of the record, we review the decision of the BIA and not that of the IJ. *Sidhu v. INS*,

able for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

**352**

220 F.3d 1085, 1088 (9th Cir.2000). We review for substantial evidence the BIA's determination that the petitioner has not established eligibility for asylum or withholding, and must uphold the BIA's decision unless the evidence compels reversal. *Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000).

The BIA correctly assumed the truth of Ortiz's testimony because the IJ did not make an explicit finding that he was untruthful. *See Aguilera–Cota v. U.S. INS,* 914 F.2d 1375, 1382–83 (9th Cir.1990). The BIA's decision is supported by substantial evidence because the record does not compel the conclusion that Ortiz was persecuted or reasonably fears persecution on account of a protected ground. *See Sangha v. INS,* 103 F.3d 1482, 1490 (9th Cir.1997). Ortiz testified that he received three threatening notes, his house was fired upon with bullets, and that he was attacked with a motorcycle. Ortiz, however, also testified that he did not know the identities of his assailants or what motivated their actions.

As Ortiz has failed to establish eligibility for asylum, he has necessarily failed to meet the more stringent standard for withholding of deportation. *See Fisher v. INS,* 79 F.3d 955, 961 (9th Cir.1996)

PETITION FOR REVIEW DENIED.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable Edward F. Shea, United States District Judge for the Eastern District of Washington, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.